IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 12, 2014

**STATE OF TENNESSEE v. ROBERT KIZER**

**Appeal from the Circuit Court for Houston County**
**No. 4999      Larry Wallace, Judge**

_____

**No. M2013-01036-CCA-R3-CD-Filed June 24, 2014**

_____

Petitioner, Robert Kizer, appeals from the Stewart County Circuit Court's summary dismissal of his petition for post-conviction relief after a 2009 guilty plea to the sale of cocaine. Petitioner argues he was deprived of due process because the court dismissed his post-conviction petition without a hearing or notice during his probation revocation hearing, and that the post-conviction court erred by concluding that the petition was untimely. We agree, and we remand this case for further post-conviction proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Reversed and Remanded.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, and JEFFREY S. BIVINS, JJ., joined.

James L. Baum, Burns, Tennessee; Drew W. Taylor, Assistant Public Defender, Ashland City, Tennessee, for the appellant, Robert Kizer.

Robert E. Cooper, Jr., Attorney General and Reporter; Michelle L. Consiglio-Young, Assistant Attorney General; Dan M. Alsobrooks, District Attorney General; Sarah Wojnarowski, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

1

*Factual Background*

Petitioner entered into plea agreements on two charges of selling cocaine to confidential informants. One charge was based on a sale that occurred in Houston County on March 16, 2007. The other charge was based on a sale that occurred in Stewart County on April 16, 2008. Petitioner appeared before the Stewart County Circuit Court on November 24, 2009, where he was represented by a public defender and pled guilty to both charges.[1] He affirmed that he was aware of his rights and that he had entered into his pleas willingly and knowingly. The trial court accepted his pleas and sentenced him to six years for each charge, with his sentences to run consecutively. Petitioner was ordered to serve the sentences on community corrections.

The trial court issued a probation violation warrant on June 30, 2010, and an amended warrant on November 8, 2010, and Petitioner was taken into custody. The warrant alleged that Petitioner tested positive for marijuana and cocaine, missed scheduled office visits, failed to make monthly payments on his court costs and supervision fees, and failed to perform community service work. After a hearing, he was found in violation of the conditions of his non-incarcerative sentence and was reinstated to community corrections with time served.

On November 23, 2010, Petitioner filed a timely hand-written pro se petition for post-conviction relief in the Houston County Circuit Court. The post-conviction court subsequently filed an order in which it noted that the pro se petition was timely filed, granted a post-conviction relief hearing, appointed an attorney to represent the petitioner in the post-conviction proceeding, and ordered the attorney to file an amended petition that complied with the statutory requirements.

The amended petition, filed on May 13, 2011, claimed that Petitioner was deprived of effective assistance of counsel because the public defender who represented him had a conflict of interest and did not make him aware that consecutive meant back-to-back. Petitioner stated that he believed that he was only being sentenced to six years total for both the Houston County and the Stewart County convictions. He further stated that he would not have agreed to the sentence if he had effective counsel.

Petitioner was subsequently served with another probation violation warrant for driving on a suspended license, evading arrest and not reporting to his probation officer. The trial court, sitting in Stewart County, conducted a second revocation hearing on March 25, 2013. The court heard testimony about Petitioner's violations from several law enforcement

---

[1]Stewart County and Houston County are both part of the 23rd Judicial District.

officers. Petitioner called several witnesses including his long-time girlfriend, the mother of three of his children.

At the conclusion of testimony and argument, the court ruled from the bench. The court summarized the evidence it had heard and revoked the suspension of Petitioner's sentences. In the course of its ruling, the trial court characterized the pending petition for post-conviction relief as a house-keeping matter that needed to be addressed. The court dismissed the petition summarily because it found that it was not timely filed. The probation revocation order which resulted from that hearing does not mention the petition for post-conviction relief.

*Analysis*

We must note at the outset that the appellate record did not include either the transcript of the March 25, 2013 hearing or the final order resulting from that hearing. On August 16, 2013, this Court filed an order addressing the deficiencies in the appellate record. We noted that Petitioner had not complied with the requirements of Tenn. R. App. P. 24, which directs an appellant to file either a transcript of the evidence within sixty days of the date of the notice of appeal or a notice that no transcript is to be filed within fifteen days of the date of the notice of appeal.[2]

On October 25, 2013, Petitioner filed a motion to supplement the record with the transcript of the March 25, 2013 hearing. This Court granted the motion on November 5, 2013. For reasons that are not quite clear from the record, however, neither the transcript of the hearing nor the order resulting from that hearing were ever sent up by the trial court for review. Nonetheless, we were able to locate and retrieve a copy of the transcript and of the order in the archives of this Court. It appears that at least some of the confusion arose from the fact that the appellate record was compiled by the Houston County Circuit Court Clerk, while the probation revocation hearing was held in Stewart County.

We now turn to the merits of this appeal. Petitioner argues that he was deprived of due process because the court summarily dismissed his post-conviction petition during his probation revocation hearing "as a housekeeping matter" without according him either notice or a hearing. He accordingly asks this Court to reverse the trial court's order and remand for a hearing on his petition for post-conviction relief.

---

[2]On August 28, 2013, the Clerk of the Houston County Circuit Court requested a thirty day filing extension in this case, citing lack of adequate staff, illness and two deaths in her family. As we discovered, however, the missing documents were actually filed in the Stewart County Circuit Court.

For its part, the State notes that neither the transcript of the final hearing nor the final order are to be found in the appellate record that was sent up to this court. It argues that we should affirm the trial court because it is the ultimate responsibility of the appellant to ensure that a complete and adequate record is timely prepared and filed, see *State v. Chadwick*, No. M2008-02270-CCA-R3-CD, 2010 WL 2025463 at *3 (Tenn. Crim. App. at Nashville, May 21, 2010), and because in the absence of those documents, there can be no basis for reversal.[3]

We agree that it is the appellant's responsibility to ensure that a complete and adequate record is timely prepared and filed, but under the unusual circumstances of this case, it would not be just to hold the mistakes and inaction of the courts below against him. Further, the record shows that Petitioner was convicted on November 24, 2009, and that his petition for post-conviction relief was filed on November 23, 2010, thereby rendering the petition timely under the one-year statute of limitations found at Tennessee Code Annotated Section 40-30-102(a). Moreover, Petitioner attempted to supplement the record and despite this Court's order that the lower Courts do so, no such supplementation was forthcoming.

We therefore reverse the dismissal of the post-conviction petition and remand this case for a hearing by the trial court in which the petition was initially filed, the Houston County Circuit Court.

*Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is reversed, and this case is remanded to the Circuit Court of Houston County for further proceedings.

_____
JERRY L. SMITH, JUDGE

---

[3]There is nothing in the record to indicate that the State was aware that the missing documents could be found in the records of the Stewart County Circuit Court.